Reese, J.
delivered the opinion of the court.
Roberts, the complainant in the cross bill, made a contract with one Elizabeth McDaniel, to attend to her interests, as agent, in a contest touching the validity of a paper propounded as the last will and testament of her deceased husband, and to réceive and collect for her what might be her just claims upon the estate of her said husband, and deducting his claims for services, advances to said Elizabeth, and expenditures on her behalf; he was to pay over the balance to her. Under this agreement, the defendant in the original bill, the complainant in the cross bill, received into his possession the negro slave, the subject of this controversy; he also sold a travelling vehicle, and loaned money to the said E. McDaniel, and took her note therefor, to the amount of #206. She sent Wade, as her agent, to Roberts, to receive from him the slave in question. Roberts told him of the contract above stated, and of his claims, including said note, and upon what they arose, amounting to nearly four hundred dollars; afterwards, Wade, as he alleges, and as Mrs. McDaniel admits, although Roberts does not admit it, purchased the slave and brought his bill. There is no bill of sale shown or proved in the record; but that, perhaps, is not material: for, under the circumstances of the alleged purchase, if proved, his rights and attitude in the cause would be the same as, not greater than, those of Elizabeth McDaniel.— And it would not be just and equitable, under the contract *126 which has been proved, to permit her to withdraw from him the slave, without paying to him the amount of his claims; and these claims, and the hire of the slave.while in his possession, constitute the proper subject matter of an account between the parties; and this being the case, it is not proper to exclude from such account a portion of the indebtedness of E. McDaniel to Roberts, namely, the note for $206, upon the ground that he might have sued for it at law. In the cross bill of Roberts, he sets out in an exhibit his entire claim against Mrs. McDaniel, including the note for $206. The chancellor, in the decree referring the cause to the clerk and master, and directing the account, uses terms, in defining the subject matter of the account, which, literally and precisely taken, might not include the note for $206 — but that decree concludes with an express reservation of all matters not determined and referred. Under this reservation, if he felt it to. be his duty to sustain the exception of Wade to the allowance of that item in the report of the master, still he had the power to allow this claim, which was distinctly put forth in the bill: the result, therefore, at which the chancellor arrived, whatever other reason, less solid and tenable, may have been assigned, was just, and within his jurisdictional competency, according to the course of a court of equity, and the allegations and attitude of the cause. This constitutes the principal ground of error assigned here in argument; and we are of opinion, as we have said, that the court not only arrived at the right result in the final decree, upon this contested item, but that the interlocutory decree, so far from concluding the court, in that respect,.expressly reserved the power upon which it could be properly done.
The decree is affirmed.